## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

ALICIA A. EPPS,                                          Case No. 1:23-cv-510
      Plaintiff,

                               Cole, J.
      vs.                                               Litkovitz, M.J.

UNITED STATES OF
AMERICA, et al.,                                         **REPORT AND**
      Defendants.                                       **RECOMMENDATION**

      Plaintiff, a resident of Cincinnati, Ohio, has filed a pro se civil complaint against the United States of America, Shirley A. Colbert, Ollen G. Colbert, and City West Apartments. (Doc. 1-1). By separate Order, plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.

      This matter is now before the Court for a s*ua sponte* review of the complaint to determine whether the complaint or any portion of it should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B).

### Screening of Complaint

#### A.    Legal Standard

      In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez,* 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)). To prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if they are satisfied that the action is frivolous or malicious. *Id.*; *see also* 28 U.S.C. § 1915(e)(2)(B)(i). A complaint may be dismissed as frivolous when the

plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke,* 490 U.S. at 328-29; *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton,* 504 U.S. at 32; *Lawler,* 898 F.2d at 1199. The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

Congress also has authorized the *sua sponte* dismissal of complaints that fail to state a claim upon which relief may be granted. 28 U.S.C. § 1915 (e)(2)(B)(ii). A complaint filed by a pro se plaintiff must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)). By the same token, however, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Hill*, 630 F.3d at 470-71 ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-

pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557. The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson*, 551 U.S. at 93 (citations omitted).

### B. Plaintiff's Complaint

Plaintiff's complaint is difficult to decipher. As such, the Court quotes plaintiff's factual allegations verbatim. The complaint alleges:

> Defendant City West Apartments formerly Cincinnati Metropolitan Housing Authority, CMHA, Low Income Housing both a Political Subdivision, and acting under *color* of state or territorial Law Conspired to Engage in a Pattern or Practice of Unlawfully allowing, encouraging, Ms Shirley to assume duties of Management for both CMHA, and City West, not as employee but as Community Leader, for years had residents Evicted or Receive Housing etc. Special Treatment the Defendant 3, Ms. Shirley Colbert Plaintiffs mother although old and diagnosed with Dementia has a care giver Plaintiffs brother Ollen Colbert Supposed to make decision for Ms. Shirley but is possibly limited by Ms. Shirley, who after years of Civil Rights Work and Citizen's against Drugs regarding Housing in the West End, known as a fighter and tough, added as a defendant because of the relationship for years between Ms. Shirley and CMHA, now City West, who grants special favors to Ms. Shirley example of favor's, Laurel Homes & Lincoln Court built in 1930s, 40s for Low Income Housing creating CMHA, pursuant o.r.c.3755.27, evict Epps along with others instructed by Ms. Shirley during 1998-2002, the HOPE VI Development that created City West, exh.a, b, recording[.]

(Doc. 1-1 at PAGEID 4). Exhibit A appears to be a copy of a state court docket sheet in a 2000 eviction action by the Cincinnati Metropolitan Housing Authority against plaintiff. (Doc. 1-1 at

PAGEID 9, *Cincinnati Metropolitan Housing Authority v. Alicia Epps*, No. 11CV08838

(Hamilton County, Ohio Municipal Court) (showing default judgment was granted on June 23,

2000).   There is a handwritten notation on the docket sheet "Exh. B Phone Recording," but no

such exhibit has been filed.   (Doc. 1-1 at PAGEID 9).   There is no Exhibit C filed with the

complaint.

The complaint also alleges:

Now City West Apartment mixed income housing still granting favors removed
Plaintiff from Lease at Ms. Shirley order's Plaintiff placed on Waiting List that has
one function not to house, built on Public Land reserved for Low Income Housing
since *Housing Act* 1937 violating both *civil right act* of 1957, and a *constitutionally*
protected interest in Low Income Housing *see* Hud v. Rucker,535 u.s.125,135), the
Plaintiff Unlawfully Evicted again without any knowledge, at this time the Plaintiff
already been Unlawfully denied entry to 729 Betton Avenue month's, by Ms.
Shirley who instructed Mr. Colbert (caregiver) this is what Ms. Shirley calls him
she called my daddy that previously diagnosed with dementia police were called so
much but did nothing 1 later became homeless fear for my life[.]

(Doc. 1-1 at PAGEID 5).   The complaint further alleges:

The Plaintiff also went into City West Apartment's Management office, unsure of
Date, needing a transferred filed "Head of Household" application needing to be
protected from Ms. Shirley asked to be considered emergency age 58, facing
Homeless again, the Plaintiff still unable to get her belongings? Unlawfully
detained and, Ms. Shirley has copy of the Plaintiffs Lease at 729 Betton Avenue
also Te'mya Epps Plaintiffs granddaughter Social Security card and Birth
Certificate, giving to the Defendant for safe keeping I need them she will not return
them nor let me get, being Next of Kin need to apply for Guardianship for my
granddaughter Ms. Shirley interfering with that process also despite being
diagnosed with Dementia, missing clothes, furniture, laptop, important papers etc.
application for Head of Household in my belongings in Defendant's home.

(Doc. 1-1 at PAGEID 6).   Finally, the complaint states:

Plaintiff could not remember dates on documents when Plaintiff asked Secretary
about she was very rude. Plaintiff believes Defendant had no intention of honoring
her request for Head of Household, removed from Lease at 729 Betton Avenue,
Plaintiff was told time for recertification before she could make it their to Sign the
Plaintiff was evicted from 729 Betton Avenue without knowledge, nor notification

> no trial, the Ms Shirley way also Plaintiff in the past have used 729 Betton Avenue
> as address for example these Court filing "Time Sensitive" Plaintiff does not
> receive mail addressed to her.

(Doc. 1-1 at PAGEID 7).

Plaintiff alleges violations of her constitutional rights and the Housing Act of 1937.

Plaintiff seeks declaratory and monetary relief.

### C. Resolution

Plaintiff's allegations are insufficient to state a claim with an arguable basis in law over

which this federal Court has subject matter jurisdiction.

First, plaintiff's complaint does not state a claim for relief against the United States of

America because the complaint fails to allege any particular facts showing how the United States

violated plaintiff's rights. Moreover, the United States is immune from suit except where such

immunity has been waived by statute. *United States v. Shaw*, 309 U.S. 495, 500 01 (1940);

*Blakely v. United States*, 276 F.3d 853, 870 (6th Cir. 2002). Plaintiff has alleged no facts

indicating immunity has been waived in this case. Therefore, the complaint against the United

States must be dismissed.

To the extent plaintiff seeks to invoke the diversity jurisdiction of the Court under 28

U.S.C. § 1332(a), the complaint reveals such jurisdiction is lacking. A district court has

jurisdiction over a suit between citizens of different states when the amount in controversy

"exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a).

In order for diversity jurisdiction pursuant to § 1332(a) to lie, the citizenship of the plaintiff must

be "diverse from the citizenship of each defendant" thereby ensuring "complete diversity."

*Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996) (citing *State Farm Fire & Cas. Co. v. Tashire*,

386 U.S. 523, 531 (1967)); *see also Napletana v. Hillsdale College*, 385 F.2d 871, 872 (6th Cir. 1967); *Winningham v. North American Res. Corp.*, 809 F. Supp. 546, 551 (S.D. Ohio 1992).   In this case, the complaint indicates that both plaintiff and defendants Shirley A. Colbert, Ollen G. Colbert, and City West Apartments are citizens of Ohio.   Therefore, the complaint does not allege that the citizenship of plaintiff and the defendant is diverse.   28 U.S.C. § 1332(1).   This Court lacks subject matter jurisdiction on the basis of diversity of citizenship over any state law claims plaintiff may be alleging, including claims that she was unlawfully evicted.

To the extent plaintiff invokes the Court's federal question jurisdiction, the complaint fails to state a claim for relief.   District courts have original federal question jurisdiction over cases "arising under the Constitution, laws, or treaties of the United States."   28 U.S.C. § 1331. In order to invoke the Court's federal question jurisdiction pursuant to 28 U.S.C. § 1331, plaintiff must allege facts showing the cause of action involves an issue of federal law.   *See Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987).

Liberally construed, the complaint alleges plaintiff's constitutional rights were violated when she was evicted "without knowledge" or a trial by the Cincinnati Metropolitan Housing Authority.   However, the Cincinnati Metropolitan Housing Authority is not a named defendant in this case.   In any event, it appears that plaintiff's claim would be barred by the applicable two-year statute of limitations.   In Ohio, civil rights claims under 42 U.S.C. § 1983 are governed by the two-year statute of limitations set forth in Ohio Revised Code § 2305.10.   *See LRL Properties v. Portage Metro Hous. Auth.*, 55 F.3d 1097, 1105 (6th Cir. 1995) (citing *Browning v. Pendleton*, 869 F.2d 989, 992 (6th Cir. 1989) (en banc) ("the appropriate statute of limitations for 42 U.S.C. § 1983 civil rights actions arising in Ohio . . . requires that actions . . . be filed

6

within two years after their accrual.")).   The state court eviction action occurred in the year

2000.   *See Cincinnati Metropolitan Housing Authority v. Alicia Epps*, No. 11CV08838

(Hamilton County, Ohio Municipal Court).[1]   The instant federal complaint, which was filed

over 20 years later, would be barred by the two-year statute of limitations.   Therefore, this claim

should be dismissed.

Finally, the undersigned is unable to discern from the facts alleged in the complaint any

other federal statutory or constitutional provision that applies to give rise to an actionable claim

for relief.

Accordingly, in sum, the complaint should be dismissed pursuant to 28 U.S.C. §

1915(e)(2)(B) because plaintiff seeks relief from a defendant (the United States of America) that

is immune from relief and because the complaint fails to state a claim upon which relief may be

granted.

## IT IS THEREFORE RECOMMENDED THAT:

1. Plaintiff's federal claims be **DISMISSED with prejudice** pursuant to 28 U.S.C.
   § 1915(e)(2)(B).

2. Plaintiff's state law claims be **DISMISSED without prejudice** to refiling in State
   court.

3. The Court certify pursuant to 28 U.S.C. § 1915(a) that for the foregoing reasons an
   appeal of any Order adopting this Report and Recommendation would not be taken
   in good faith and therefore deny plaintiff leave to appeal *in forma pauperis*.
   Plaintiff remains free to apply to proceed *in forma pauperis* in the Court of
   Appeals.   *See Callihan v. Schneider*, 178 F.3d 800, 803 (6th Cir. 1999), *overruling*

---

[1] Federal courts may take judicial notice of proceedings in other courts of record.   *See Rodic v. Thistledown Racing Club, Inc.*, 615 F.2d 736, 738 (6th Cir. 1980) (quoting *Granader v. Public Bank*, 417 F.2d 75, 82 83 (6th Cir. 1969)).   *See also National Union Fire Ins. Co. v. VP Bldgs., Inc.*, 606 F.3d 835, 839 n.2 (6th Cir. 2010); *Lyons v. Stovall*, 188 F.3d 327, 333 n.3 (6th Cir. 1999).

*in part Floyd v. United States Postal Serv.,* 105 F.3d 274, 277 (6th Cir. 1997).

Date: 8/16/2023

Karen L. Litkovitz
United States Magistrate Judge

8

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

ALICIA A. EPPS,                    Case No. 1:23-cv-510
      Plaintiff,

                                        Cole, J.
      vs.                          Litkovitz, M.J.

UNITED STATES OF
AMERICA, et al.,
      Defendants.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), WITHIN 14 DAYS after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations.   This period may be extended further by the Court on timely motion for an extension.   Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.   If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.   A party may respond to another party's objections WITHIN 14 DAYS after being served with a copy thereof.   Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).