# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

ALICIA A. EPPS,
     Plaintiff,

     vs.

UNITED STATES OF
AMERICA, et al.,
     Defendants.

Case No. 1:23-cv-510

Cole, J.
Litkovitz, M.J.

**REPORT AND
RECOMMENDATION**

This matter is before the Court on plaintiff's second amended complaint filed on

September 6, 2023.   (Doc. 10).

On August 16, 2023, the undersigned issued a Report and Recommendation that

plaintiff's original complaint be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) because

plaintiff seeks relief from a defendant (the United States of America) that is immune from relief

and because the complaint fails to state a claim upon which relief may be granted.   (Doc. 4).

The undersigned also recommended that plaintiff's state law claims be dismissed without

prejudice to refiling in State court.   (*Id.*).

On August 22, 2023, plaintiff filed an amended complaint that appeared to be identical to

the original complaint with one exception.   Under the "Jurisdiction" section of the amended

complaint, plaintiff states, verbatim:

> Plaintiff Amended complaint pursuant Rule. 15, to Change the Plaintiffs mailing
> address, to number pages of complaint pursuant Rule 4, Plaintiff wanting to add a
> claim for violation of the RICO ACT, but since this one of many violations
> perpetrated by Defendant's 2 and 3 over years, together is feared by resident's of
> the Old Laurel Homes, and Lincoln Courts now City West Apartment's), also added
> Subpoena for return of missing document's.

(Doc. 5 at PAGEID 50).

Because plaintiff's amended complaint did not address the deficiencies set forth in the

August 16, 2023 Report and Recommendation or set forth facts showing a plausible claim for relief, the undersigned recommended that plaintiff's amended complaint should also be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).   (Doc. 6).

Plaintiff's second amended complaint is largely duplicative of her original and amended complaints with two exceptions.   Claim One now includes a claim for unlawful eviction by defendant City West Apartments, which plaintiff states was instigated by defendant Shirley Colbert.   (Doc. 10 at PAGEID 87).   Plaintiff's second amended complaint also adds a new claim, Claim Four.   That claim states:

> Plaintiff re-alleges paragraphs one thru six of Complaint as if fully set forth here.
>
> Defendant's willfully violated equal protection, due protection clause, 14th amendment (sic).   Denied opportunity to participate fully in housing act, an civil rights act Defendants Intentional, Reckless, conduct engaged in a pattern or practice of Discrimination in violation of rights under above.
>
> Plaintiff denied participation and benefit of the housing act and civil rights act, government subsidized and as a result of conduct described under the above.
>
> Defendant's violated against Plaintiff on basis of housing act and civil right act depended on government subsidies violating under the above.
>
> As a result of Defendant's action Plaintiff suffered consequential Damages including Personal Injury, Pain & Suffering, emotional harm, and distress, plaintiff suffered social emotional harm, deprivation of constitution right Plaintiff have and continue to suffer Irreparable harm as a result of the above.

(Id. at PAGEID 89).   The remainder of Claim Four was previously included in Claim Three of the original complaint.   *See* Doc. 3 at PAGEID 31.

Plaintiff's amended complaint does not address the deficiencies set forth in the August 16 and 23, 2023 Reports and Recommendations, nor does it set forth facts showing a plausible claim for relief.   The Court does not have diversity jurisdiction over plaintiff's unlawful

2

eviction claim, nor does Claim Four include any factual allegations plausibly stating a federal

claim for relief.

Accordingly, for the reasons set forth in the August 16 and 23, 2023 Reports and

Recommendations (Docs. 4, 6), plaintiff's second amended complaint should also be dismissed

pursuant to 28 U.S.C. § 1915(e)(2)(B).

## IT IS THEREFORE RECOMMENDED THAT:

1. The federal claims set forth in the second amended complaint be **DISMISSED with prejudice** pursuant to 28 U.S.C. § 1915(e)(2)(B).

2. The state law claims set forth in the second amended complaint be **DISMISSED without prejudice** to refiling in State court.

3. The Court certify pursuant to 28 U.S.C. § 1915(a) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith and therefore deny plaintiff leave to appeal *in forma pauperis*. Plaintiff remains free to apply to proceed *in forma pauperis* in the Court of Appeals.   *See Callihan v. Schneider*, 178 F.3d 800, 803 (6th Cir. 1999), *overruling in part Floyd v. United States Postal Serv.,* 105 F.3d 274, 277 (6th Cir. 1997).

Date:  10/25/2023

Karen L. Litkovitz
United States Magistrate Judge

3

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

ALICIA A. EPPS,                        Case No. 1:23-cv-510
      Plaintiff,

                                       Cole, J.
      vs.                          Litkovitz, M.J.

UNITED STATES OF
AMERICA, et al.,
      Defendants.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), WITHIN 14 DAYS after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections WITHIN 14 DAYS after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

4