UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

**ALICIA A. EPPS,**

      **Plaintiff,**

  v.

**UNITED STATES OF AMERICA,**
*et al.*,

      **Defendants.**

Case No. 1:23-cv-510

**JUDGE DOUGLAS R. COLE**
Magistrate Judge Litkovitz

## OPINION AND ORDER

Plaintiff Alicia Epps, proceeding pro se, filed a Complaint purporting to bring claims for: (1) "Violation of the Civil Rights Act," citing the Civil Rights Act of 1964, 42 U.S.C. § 1971 *et seq.*; (2) "Violation of the Housing Act," citing the Housing Act of 1937, 42 U.S.C. § 1437 *et seq.*; and (3) the Civil Rights Act of 1871, 42 U.S.C. § 1983 (Section 1983), all against the United States Attorney's Office for the Southern District of Ohio, City West Apartments, and Shirley Colbert c/o Ollen Colbert. (Compl., Doc. 3, #27 (listing Defendants), 29–31). Since then, she has amended her Complaint twice—the First Amended Complaint (Doc. 5), and Second Amended Complaint (Doc. 10)—trying to state a viable claim for relief.

The Magistrate Judge has issued Reports and Recommendations (R&Rs) recommending the Court dismiss each of the three iterations of the Complaint. (8/16/23 R&R, Doc. 4 (recommending the Court dismiss the Complaint); 8/23/23 R&R, Doc. 6 (recommending the Court dismiss the First Amended Complaint); 10/25/23 R&R, Doc. 13 (recommending the Court dismiss the Second Amended Complaint)).

And the Magistrate Judge separately issued an R&R recommending that the Court deny Epps's Motion for Default Judgment (Doc. 11). (11/22/23 R&R, Doc. 15). For the reasons discussed below, the Court agrees with the recommendation from the 10/25/23 R&R (Doc. 13) and **DISMISSES** the Second Amended Complaint (Doc. 10), though it does so **WITHOUT PREJUDICE** and for slightly different reasons than the Magistrate Judge recommends. It also agrees with the Magistrate Judge's recommendation from the 11/22/23 R&R (Doc. 15) and **DENIES AS MOOT** Epps's Motion for Default Judgment (Doc. 11). Then, given the Court's decision regarding the Second Amended Complaint, the Court **REJECTS AS MOOT** the recommendations in the 8/16/23 R&R and the 8/23/23 R&R (Docs. 4, 6), which had addressed earlier versions of Epps's Complaint. And the Court further **OVERRULES AS MOOT** Epps's Objections (Doc. 9) to the 8/23/23 R&R.

## BACKGROUND

Epps moved pro se for leave to proceed in forma pauperis (IFP) on August 11, 2023. (Doc. 1). When she filed that motion, she attached a three-count Complaint alleging violations of "the Civil Rights Act," "the Housing Act," and 42 U.S.C. § 1983 by the United States Attorney's Office for the Southern District of Ohio, City West Apartments, and Shirley Colbert c/o Ollen Colbert. (Doc. 3, #29–31). The Complaint sought certain declaratory judgments, $20,000,000 dollars in "[d]eclaratory damages," and litigation costs. (Doc. 3, #32).

The factual allegations are difficult to parse. As best the Court can discern, the Complaint attempts to allege that Shirley Colbert (who is Epps's mother) conspired

2

with the Cincinnati Metropolitan Housing Authority (CMHA) to unlawfully evict Epps from Colbert's home "without any knowledge." (*See* Doc. 3, #28–31). It is unclear when this alleged eviction happened, but Epps refers to CMHA allegedly evicting people at Colbert's behest from 1998–2002. (*Id.* at #28–29 ("City West … grants special favors to Ms. Shirley[. As an] example of [those] favor[]s, Laurel Homes & Lincoln Court [was] built in [the] 1930s, 40s for Low Income Housing creati[on]. CMHA, pursuant [to] o.r.c.3755.27, evict[ed] Epps along with others[, as] instructed by Ms. Shirley[,] during 1998-2002, [from] the HOPE VI Development that created City West[.] exh.[ ]a, b, recording[.]")). As a result of the alleged eviction, Epps also says she could not collect her belongings, including her granddaughter's Social Security card and birth certificate. (*Id.* at #30). And she attaches two exhibits: what looks like the docket sheet for a state court eviction proceeding from 2000, which ended in default judgment, (*id.* at #33), and an affidavit, which says "Defendant's [sic] are Krystal and Marco Gulley, responsible for one and other, also responsible for their own behavior," (*id.* at #34).

The Magistrate Judge granted Epps leave to proceed IFP. (Doc. 2). That same day, the Magistrate Judge issued the 8/16/23 R&R (Doc. 4), in which she screened the Complaint under 28 U.S.C. § 1915(e)(2) ("Notwithstanding any filing fee … the court shall dismiss the case at any time if the court determines that … the action or appeal is frivolous or malicious; [or] fails to state a claim on which relief may be granted."). *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (holding that to state a claim on which relief may be granted to avoid dismissal, a plaintiff must allege "sufficient factual

3

matter … to state a claim to relief that is plausible on its face." (cleaned up)); *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure 12(b)(6) standards to a court's review under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A). She determined that, even construed as liberally as possible, Epps's Complaint was asserting a claim for eviction "without knowledge" or due process that (1) is only enforceable against Cincinnati Metropolitan Housing Authority, which is not a named defendant; and (2) is barred by the applicable statute of limitations. (Doc. 4, #39–41). She therefore recommended that the Court dismiss the federal claims with prejudice and the state-law claims without prejudice. (*Id.* at #41). She also recommended certifying that any appeal would not be in good faith, thus denying Epps leave to appeal IFP. (*Id.*).

The R&R included a notice informing the parties that failure to object to its conclusions within fourteen days may result in forfeiture of certain rights, including the right to de novo review by this Court. (*Id.* at #43); *see Thomas v. Arn*, 474 U.S. 140, 152 (1985) ("There is no indication that Congress, in enacting § 636(b)(1)(C), intended to require a district judge to review a magistrate's report to which no objections are filed"); *Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019) ("[F]ail[ure] to file an objection to the magistrate judge's R & R … [constitutes a] forfeiture." (emphasis omitted)).

Epps did not object to the 8/16/23 R&R. Rather, she filed the first Amended Complaint (Doc. 5). There, she reiterates the allegations from the Complaint and adds the following:

4

> Plaintiff [a]mended [the] [C]omplaint pursuant [to] Rule[] 15, to [c]hange the Plaintiff[']s mailing address, [and] to number [the] pages of [the] [C]omplaint pursuant [to] Rule 4[.] Plaintiff want[ed] to add a claim for violation of the RICO ACT, but since this [is] one of many violations perpetrated by Defendant[]s 2 and 3 over [the] years, together [they are] feared by resident[]s of the Old Laurel Homes[] and Lincoln Courts, now City West Apartment[]s[] [.] [Plaintiff] also added [a] Subpoena for [the] return of [her] missing document[]s.

(Doc. 5, #50). Because the First Amended Complaint did not address the deficiencies the Magistrate Judge identified in the 8/16/23 R&R, the Magistrate Judge made the same recommendation for the same reasons in the 8/23/23 R&R. (Doc. 6, #52). And, like the 8/16/23 R&R, the 8/23/23 R&R notified the parties that failure to object to its conclusions within fourteen days may result in forfeiture of certain rights, including the right to de novo review by this Court. (*Id.* at #53).

Unhappy with this result, Epps timely objected to the 8/23/23 R&R (Doc. 9) and also filed her Second Amended Complaint (Doc. 10) on the same day. The Second Amended Complaint largely mirrors the First Amended Complaint, aside from adding a fourth count for "Conspiracy & Fraud," (*id.* at #89–90). But that new count duplicates content from the § 1983 count in both the First Amended Complaint, (*compare* Doc. 10, #89 *with* Doc. 5, #47), and the Complaint, (*compare* Doc. 10, #89 *with* Doc. 3, #31). Epps also filed a Motion for Default Judgment (Doc. 11) and a Request for Entry of Default (Doc. 12).

Because the Second Amended Complaint once again failed to address the shortcomings the Magistrate Judge previously identified, the 10/25/23 R&R made the same recommendation as the two previous R&Rs for the same reasons. (Doc. 13, #104–05 ("Plaintiff's amended complaint does not address the deficiencies set forth

5

in the [previous R&Rs], nor does it set forth facts showing a plausible claim for relief. … Accordingly, for the reasons set forth in the [previous R&Rs], plaintiff's second amended complaint should also be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).")). Like the previous R&Rs, the 10/25/23 R&R also included a notice informing the parties that failure to object to the R&R's conclusions within fourteen days may result in forfeiture of certain rights, including the right to de novo review by this Court. (*Id.* at #106).

Finally, the Magistrate Judge issued the 11/22/23 R&R (Doc. 15). There, the Magistrate Judge recommended denying the Motion for Default Judgment as moot considering the other pending R&Rs. (Doc. 15, #113). And she once again included the requisite notice about objections. (*Id.* at #114).

The time for objections to both the 10/25/23 R&R and the 11/22/23 R&R has long since passed and no party has objected. True, both the 10/25/23 R&R and the 11/22/23 R&R were returned as undeliverable when the Court attempted to mail them to Epps. But "[i]f [Epps's] address changed, she had an affirmative duty to supply the court with notice of any and all changes in her address." *Barber v. Runyon*, 23 F.3d 406, 1994 WL 163765, at *1 (6th Cir. 1994) (table). And she was, or should have been, aware of that responsibility. *A Guide for* Pro Se *Civ. Litigants*, U.S. Dist. Ct. S.D. Ohio 14 (last updated Feb. 13, 2017) [https://perma.cc/89FX-HH9Q] ("[I]f your address or phone number changes, you must promptly notify the Court, in writing, of your new contact information. **If you fail to keep the Court informed of your current address/telephone number, your case may be dismissed for**

6

**lack of prosecution.**"). Indeed, Epps's signature block on the Second Amended Complaint reads: "I agree to provide the Clerk's office with any changes to my address where case[-]related papers m[a]y[ ]be served. I understand that my failure to keep [my] current address on file with the Clerk[']s Office may result in the dismissal of my case[.]" (Doc. 10, #91). So the Court considers both of those R&Rs unobjected.

## LAW AND ANALYSIS

Even for unobjected R&Rs, "the advisory committee notes to Federal Rule of Civil Procedure 72(b) suggest that the Court still must 'satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Redmon v. Noel*, No. 1:21-cv-445, 2021 WL 4771259, at *1 (S.D. Ohio Oct. 13, 2021) (collecting cases). Consistent with that charge, the Court has reviewed the R&Rs. And it agrees with the Magistrate Judge that it should dismiss the Second Amended Complaint and deny the Motion for Default Judgment as moot. But it reaches that conclusion for slightly different reasons.

Before turning to its analysis, the Court notes again that Epps is proceeding pro se. A pro se litigant's pleadings should be construed liberally and are subject to less stringent standards than formal pleadings filed by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Franklin v. Rose*, 765 F.2d 82, 84–85 (6th Cir. 1985). But pro se litigants still must comply with the procedural rules that govern civil cases. *McNeil v. United States*, 508 U.S. 106, 113 (1993). And "[t]he liberal treatment of pro se pleadings does not require the lenient treatment of substantive law." *Johnson v. Stewart*, No. 08-1521, 2010 WL 8738105, at *3 (6th Cir. May 5, 2010).

7

Even considering Epps's pro se status, the Court determines dismissal is appropriate. For starters, the 8/16/23 R&R (Doc. 4) and the 8/23/23 R&R (Doc. 6) are both moot, along with Epps's Objections (Doc. 9) to the 8/23/23 R&R. When Epps filed the First Amended Complaint (Doc. 5), she mooted the Complaint. *Parry v. Mohawk Motors of Mich., Inc.*, 236 F.3d 299, 306–07 (6th Cir. 2000); *Green v. Mason*, 504 F. Supp. 3d 813, 826 (S.D. Ohio 2020) ("As a general matter, an amended complaint supersedes the original complaint[.]") (cleaned up). As a result, the 8/16/23 R&R screening the Complaint is also moot. Similarly, filing the Second Amended Complaint mooted the First Amended Complaint, thereby also mooting the 8/23/23 R&R and Epps's objections to that R&R. *Jones v. Ohio Dep't of Pub. Safety*, No. 2:22-cv-3692, 2024 WL 495529, at *1 n.3 (S.D. Ohio Feb. 7, 2024) ("[T]he second proposed amended complaint … supersedes the first proposed amended complaint and controls the case from the time it is filed."). So the matter is before the Court on the Second Amended Complaint, the Motion for Default Judgment, the 10/25/23 R&R, and the 11/22/23 R&R. The Court therefore turns to the Magistrate Judge's conclusion, reiterated in the 10/25/23 R&R, that Epps's claims are time-barred.

Two of the three claims fail independent of any potential statute of limitations issues. That is because the Housing Act of 1937 and the Civil Rights Act of 1964, the statutes on which Epps relies for her first two claims, do not provide a private right of action to sue for eviction from publicly provided housing, at least not based on the grounds that Epps claims here.

8

Start with the latter. The Civil Rights Act of 1964 is a collection of 11 titles that "address discrimination based on race, color, religion, national origin, or sex." *The Civil Rights Act of 1964: An Overview* 2, CONG. RES. SERVS. https://crsreports.congress.gov/product/pdf/R/R46534 (last visited May 6, 2024). But Epps never alleges discrimination, let alone discrimination based on membership in such a protected class. That renders the Civil Rights Act of 1964 irrelevant here.

And the Housing Act of 1937 is similarly irrelevant. That statute generally addresses the creation of low-income housing programs; it does not create an individual entitlement to low-income housing. *Overview of Federal Housing Assistance Programs and Policy* 6, CONG. RES. SERVS. https://crsreports.congress.gov/product/pdf/RL/RL34591 (last visited May 6, 2024). The only provision of that Act as to which the Sixth Circuit has found a private right of action is the so-called Brooke Amendment, the relevant portion of which limits rent for tenants of low-income housing. *See Howard v. Pierce*, 738 F.2d 722, 725, 730 (6th Cir. 1984); *see also* 18 Fed. Proc., L. Ed. § 44:498. But Epps makes no claim about inappropriate rental rates here. And, in any event, that implied private right of action runs solely against the Department of Housing and Urban Development, which Epps has not named as a defendant here. *Howard*, 738 F.2d at 730 ("While we find ample reasons to imply a cause of action against HUD, we can discern no justification for extending such a cause of action to a public housing agency such as [the Grand Rapids Housing Commission]."). So Epps cannot rely on the Act to challenge her eviction here.

Accordingly the Court considers only Epps's § 1983 claim, in which she alleges Defendants violated her right to due process, and which the Magistrate Judge determined was barred by the statute of limitations. (Doc. 4, #40–41; Doc. 13, #105). The statute of limitations is an affirmative defense to a § 1983 claim. *Snyder-Hill v. Ohio State Univ.*, 48 F.4th 686, 698 (6th Cir. 2022). So as a general matter it is not an appropriate basis for dismissal. *Id.* That said, the Sixth Circuit has held that there are limited occasions where such a dismissal is appropriate—specifically, "if the allegations in the complaint affirmatively show that the claim is time-barred." *Id.* (cleaned up). In determining whether that is the case, the Court generally must consider: (i) the applicable statute of limitations period, (ii) when the action accrued (and thus set that period in motion), and (iii) whether any tolling period exists. *See Hollis v. Erdos*, 480 F. Supp. 3d 823, 829–30 (S.D. Ohio 2020).

Congress did not include a statute of limitations in the text of 42 U.S.C. § 1983. Rather, state law provides the applicable period. *Sevier v. Turner*, 742 F.2d 262, 272 (6th Cir. 1984). And in Ohio—where all the relevant events occurred—the applicable period is two years. *Basista Holdings, LLC v. Ellsworth Twp.*, 710 F. App'x 688, 691 (6th Cir. 2017). On the other hand, federal law controls the time at which a § 1983 action accrues. *Sevier*, 742 F.2d at 272. And that accrual occurs "when the plaintiff knows or has reason to know of the injury which is the basis of his action." *Id.* at 273.

The allegations on the face of the Complaint do not affirmatively show that the § 1983 claim is time-barred. The Magistrate Judge cites the 2000 state court eviction docket to say they do. (Doc. 4, #41 ("The instant federal complaint, which was filed

10

over 20 years later, would be barred by the two-year statute of limitations.")). But Epps never says that the 2000 eviction, rather than some more recent eviction, is the one at issue here. True, she could be relying on that eviction (in which case her claim would certainly be time-barred), but she could instead be citing the 2000 eviction proceedings merely to show CMHA's alleged special relationship with Colbert. As noted, her Complaint (in any of its three versions) is not the model of clarity. And because it is unclear which she is attempting to do, the allegations do not "affirmatively show that the claim is time-barred." *Snyder-Hill*, 48 F.4th at 698. The Court therefore declines to dismiss the Second Amended Complaint on statute of limitations grounds.

Rather, it concludes that dismissal is appropriate because the Second Amended Complaint fails "to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (cleaned up). While a "plausible" claim for relief does not require a showing of probable liability, it requires more than "a sheer possibility that a defendant has acted unlawfully." *Id.* That means a viable complaint must allege sufficient facts, taken as true, to allow the Court to "draw the reasonable inference that the defendant is liable." *Id.* And a plaintiff must provide a "short and plain statement of the claim showing that the pleader is entitled to relief." *Keys v. Humana, Inc.*, 684 F.3d 605, 608 (6th Cir. 2012) (quoting Fed. R. Civ. P. 8(a)(2)).

To meet this pleading standard, a complaint must contain "either direct or inferential allegations respecting all material elements to sustain a recovery under some viable legal theory." *Terry v. Tyson Farms, Inc.*, 604 F.3d 272, 275–76 (6th Cir.

11

2010) (citation omitted). "Conclusory allegations or legal conclusions masquerading as factual allegations will not suffice." *Id.* at 276 (cleaned up). "In short, an action will be dismissed where there is no law to support the claims made or the facts alleged are insufficient to state a claim." *United States ex rel. Kramer v. Doyle*, No. 1:18-cv-373, 2024 WL 1242301, at *3 (S.D. Ohio Mar. 22, 2024) (cleaned up).

The Complaint here is in the latter category (insufficient facts), such that the Court cannot even assess the former (legal viability). More to the point, it is unclear from Epps's incoherent factual allegations who did what to whom and when, let alone whether those facts could allow her to "sustain a recovery under some viable legal theory," *Terry*, 604 F.3d at 276, if properly pleaded. "A § 1983 claim requires, at a minimum, a '(1) deprivation of a right secured by the Constitution or laws of the United States (2) caused by a person acting under color of state law.'" *Polachek v. Roberts*, No. 1:22-cv-742, 2023 WL 6348388, at *2 (S.D. Ohio Sept. 28, 2023) (quoting *Hunt v. Sycamore Cmty. Sch. Dist. Bd. of Educ.*, 542 F.3d 529, 534 (6th Cir. 2008)). So a § 1983 claim against Epps's mother is a non-starter, as it is unclear what, if anything, she would have done "under color of state law." Under the allegations in the Second Amended Complaint, the best candidate for such a claim would probably be CMHA. But even construing the Complaint as attempting to assert a claim against that entity for eviction without due process does not help Epps, as she never actually names CMHA as a defendant.[1] Perhaps more importantly, she does not provide

---

[1] True, in her Complaint, Epps suggests that City West Apartments is the new name for CMHA. (Doc. 10, #86 ("[T]he United States under 'respondent superior' [sic] [is] responsible [f]or all its agents[, including] Defendant City West Apartments Mixed Income Housing

enough details to put *any* defendant on notice regarding the nature of and basis for her claims. *See Buster v. City of Cleveland*, No. 1:09 cv 1953, 2010 WL 330261, at *4 (N.D. Ohio Jan. 21, 2010) (dismissing defendants because "[t]he Amended Complaint simply contains insufficient facts which reasonably associate these defendants to any of the claims set forth by plaintiff"); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 n.3 (2007) ("Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests.").

In short, Epps has not provided enough well-pleaded allegations to allow the Court to "draw the reasonable inference that [any of] the [named] defendant[s] [are] liable." *Iqbal*, 556 U.S. at 678 (cleaned up). Thus, "the facts alleged are insufficient to state a claim." *Doyle*, 2024 WL 1242301, at *3 (cleaned up). The Court therefore dismisses the Second Amended Complaint for failure to state a claim. But it does so

---

formerly [known as] Cincinnati Metropolitan Housing Authority[.]")). And things may be different if that were the case. But because the proposed party here is a governmental entity, the Court concludes it can take judicial notice of information posted on an official government website regarding that entity. Fed. R. Evid. 201(b) ("The court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."); *Fowler v. Johnson*, No. CV 17-11441, 2017 WL 6540926, at *3 (E.D. Mich. Dec. 21, 2017) ("[T]he Court [i]s permitted to judicially notice a fact that is not subject to reasonable dispute because it can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned, and this includes information posted on an official government website." (cleaned up) (collecting cases)). The official Hamilton County website indicates that CMHA still exists in its own name. *Cincinnati Metropolitan Housing Authority*, HAMILTON CNTY., https://perma.cc/Y47T-QPDH. And Epps offers no facts to substantiate her contrary claim that it is now known as City West Apartments. Nor does she otherwise suggest how suing City West Apartments amounts to suing CMHA. Should Epps try to replead to address the shortcomings identified in this Opinion and Order, the Court instructs her to include any facts of which she is aware suggesting that City West Apartments is the new name for CMHA.

without prejudice because Epps may be able to plead a cognizable claim by pleading additional facts. *Newberry v. Silverman*, 789 F.3d 636, 646 (6th Cir. 2015) ("Dismissal with prejudice and without leave to amend is not appropriate unless it is clear … that the complaint could not be saved by amendment." (quotation omitted)). Moreover, dismissal without prejudice is particularly appropriate where, as here, a litigant is proceeding pro se and thus lacks knowledge of pleading requirements. *Brown v. Matauszak*, 415 F. App'x 608, 614–15 (6th Cir. 2011).

That leaves Epps's Motion for Default Judgment (Doc. 11). Having agreed with the Magistrate Judge's recommendation to dismiss the Second Amended Complaint, the Court also agrees with her that the Motion for Default Judgment is now moot. (Doc. 15, #113). So it adopts the 11/22/23 R&R and denies the Motion for Default Judgment as moot.

Finally, the Court finds that an appeal of this decision would lack "an arguable basis either in law or in fact." *Johnson v. DeWine*, No. 1:22-cv -587, 2023 WL 6421286, at *3 (S.D. Ohio Oct. 3, 2023) (cleaned up). So the Court certifies that any appeal of this Opinion and Order taken in forma pauperis would not be in good faith.

## CONCLUSION

For the reasons discussed above, the Court accepts the recommendation from the 10/25/23 R&R (Doc. 13) and **DISMISSES** the Second Amended Complaint (Doc. 10), though it does so **WITHOUT PREJUDICE** and for slightly different reasons than the Magistrate Judge recommends. It also agrees with the Magistrate Judge's recommendation from the 11/22/23 R&R (Doc. 15) and **DENIES AS MOOT** Epps's

Motion for Default Judgment (Doc. 11). Accordingly, it **REJECTS AS MOOT** the recommendations in the 8/16/23 R&R and the 8/23/23 R&R (Docs. 4, 6). And it therefore **OVERRULES AS MOOT** Epps's Objections (Doc. 9) to the latter. The Court further **CERTIFIES**, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal of this Order would not be made in good faith, thereby **DENYING** Epps leave to appeal in forma pauperis. The Court **DIRECTS** the Clerk to enter judgment and to **TERMINATE** this case on its docket.

    **SO ORDERED.**

| | |
|---|---|
| May 15, 2024 | |
| **DATE** | **DOUGLAS R. COLE**<br>**UNITED STATES DISTRICT JUDGE** |